```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDMOND REED,

                    Plaintiff,
                                           ORDER
          -against-                        22-CV-7579(JS)(ST)

SUFFOLK CTY CORRECTIONS, YAPHANK
CORRECTIONAL FACILITY MEDICAL
DEPARTMENT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Edmond Reed, pro se
                    225182
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On or around December 7, 2022, pro se plaintiff Edmond Reed ("Plaintiff") commenced this action while incarcerated at the Suffolk County Correctional Facility by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) However, Plaintiff did not remit the filing fee, nor did he file an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA"). Accordingly, the Court sent Plaintiff a Notice of Deficiency that instructed him to either remit the filing fee or to complete and return the enclosed IFP application and PLRA within fourteen days. (Not., ECF No. 2.) On January 5, 2023,

1

Plaintiff timely filed an IFP application and PLRA.  (IFP App., ECF 7; PLRA, ECF No. 5.)  For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his Section 1983 claims against the Suffolk County Corrections and the Yaphank Correctional Facility Medical Department ("Defendants") are DISMISSED WITH PREJUDICE; and Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT AGAINST A PROPER DEFENDANT WITHIN 30 DAYS FROM THE DATE OF THIS ORDER.

## BACKGROUND

Plaintiff's Complaint was filed on the Court's form complaint for Civil Rights actions under Section 1983.  Plaintiff's Complaint alleges in its entirety:

> On November 1, 2022 I was seen by the medical staff at Suffolk County Correctional Facility (Yaphank) for what looked like a spider bite on my left pointer finger, which at the time finger and arm started going numb and in pain. They then started to administer me antibiotics for the infections and no change.  On November 3, 2022 went to medical once again for same problem this time my arm is in more pain and still gets numb and pain travels up and down left arm and then left leg.  On November 10, 2022 I was seen by a doctor he looked at my finger and had xrays order at that time, I stated its to late now, because what bite me has effected my entire arm with pain and numbness.  So he put me on another antibiotic, so this would be a second time a doctor changed my antibiotic, and still no change in my condition.  By the time something is done I might loss my finger or better yet my whole arm that what might happen.  I can only move my arm in a small range. It hurts when I rotate my wrist and when arm is dingling down at my

> side all the time.  On November 13, 2022 I pushed the call button in my cell at 9:15 am and the officers working never responded to me.  Once out of the cell I went to the officers on duty.  One stated I better be dead or dying when I push that button.  On November 16, 2022, I started feeling pain in my stomach where I was cut due to my surgery and I had never had pain there before, so what ever bite me is effecting my whole body all over.  My left side goes numb so I would tell the medical unit or a nurse when they come to hand out meds, they would just tell me to put in a sick call slip and that takes almost a week to be called down.  On November 19, 2022 my arm has gotten to the point to where I can not make a fist or flex my muscle or bend my fingers to make a fist.

(Compl. ¶ IV.)[1]

As for a description of his injuries and medical treatment, Plaintiff alleges, "My medical condition is getting worst then what it was before I came in here.  They are using me as a test subject with different antibiotics to see what will work on me."  (Compl. ¶ IV.A.)

Plaintiff seeks $4 million as the "amount sufficient to compensate me for pain and suffering and mental anguish . . . ."  (Id. ¶ V.)

## DISCUSSION

I.   Plaintiff's IFP Application is Granted

The Court finds that Plaintiff is qualified by his

---

[1] All quotations from the Complaint are presented without alteration.

3

financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. Legal Standards

    A. Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "But the 'special solicitude' in pro se cases, has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain

4

statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

    B.    Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. § 1915

    A.    Claims Against the Defendants

Plaintiff's claims against the Defendants are DISMISSED WITH PREJUDICE since "the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Suffolk County." Eckert v. Toulon, No. 21-CV-02650, 2022 WL 74158, at *4

(E.D.N.Y. Jan. 6, 2022); see also Sturgis v. Suffolk County Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail . . . [is an] administrative arm[] of the County of Suffolk . . . [and] lack[s] the capacity to be sued."); Barreto v. Suffolk County, No. 10-CV-0028, 2010 WL 301949, at *2 (E.D.N.Y. Jan. 20, 2010) (Seybert, J.) ("[T]he Suffolk County Sheriff's Department, is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued.") (internal quotation marks and citation omitted). As such, Plaintiff's claims against the Defendants are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

However, given Plaintiff's pro se status, the Court liberally construes the Complaint to allege claims against the municipality, Suffolk County (the "County"). Nevertheless, for the reasons that follow, Plaintiff fails to allege a plausible Section 1983 claim against the County.

It is well-established that a municipality, like the County, cannot be held liable under Section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities" (citations omitted)). To establish

6

the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the Complaint, there are no factual allegations from which the Court could reasonably construe that a municipal policy or custom existed that caused the alleged constitutional deprivations of which Plaintiff complains. (See generally Compl.)  Similarly, there are no allegations from which the Court could reasonably construe a plausible Section 1983 claim against County.  Thus, to the extent asserted, Plaintiff's Section 1983 claim against the County is DISMISSED WITHOUT PREJUDICE.

IV.   Leave to Amend

The Second Circuit has long advised that leave to replead should be liberally granted to pro se litigants. See Grullon v.

7

City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once ...."); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" McKie v. Kornegay, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Given that the named Defendants have no independent legal identity and cannot be sued, leave to amend Plaintiff's Section 1983 claims against these Defendants is DENIED. However, due to Plaintiff's pro se status, and in accordance with the Second Circuit's guidance, Plaintiff is GRANTED LEAVE TO AMEND his claims by filing an Amended Complaint against a proper defendant in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within thirty (30) days from the date of this Memorandum and Order.

Plaintiff is advised that, "[t]o state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind, i.e., the charged official acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" Holloway v. Toulon, No. 21-CV-5011, 2022 WL 836924, at *6 (E.D.N.Y.

8

Mar. 21, 2022) (Seybert, D.J.) (quoting Paschal-Barros v. Balatka, No. 20-3150-CV, 2021 WL 5268000, *1 (2d Cir. Nov. 12, 2021) (Summary Order) (internal quotation marks and citation omitted). Importantly, "[p]rison officials and other state actors who act with mere negligence will not be held liable for constitutional violations because 'any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence.'" Holloway, 2022 WL 836924 at *6 (quoting Darnell v. Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017)); see also Grimmett v. Corizon Med. Assocs. of N.Y., No. 15-CV-7351, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under Section 1983. See Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006). Further, a difference of opinion regarding what constitutes an appropriate response and treatment is not enough to state an actionable claim of deliberate indifference. Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010).

Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear Docket Number 22-CV-7579(JS)(ST), and shall be filed within 30 days from the date of this Memorandum and Order. Further, because the Amended Complaint will completely replace the

9

original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case. PLAINTIFF IS WARNED that if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be closed.  Alternatively, Plaintiff may pursue any valid claims he may have, including negligence, in state court.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against the Defendants are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1); Plaintiff's Section 1983 claims liberally construed as against Suffolk County are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1);  and, to the extent there are any state law claims alleged, such claims are DISMISSED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT, in accordance with the guidance set forth above, within 30 days from the date of this Memorandum & Order. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 22-CV-7579(JS)(ST). Plaintiff is WARNED that if he does not file an Amended Complaint within 30 days from the date of this Memorandum & Order, judgment

will enter and this case will be closed;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgement, mail a copy of this Order to the pro se Plaintiff at his address of record, and include the notation "Legal Mail" on the envelope; and

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February 9, 2023
         Central Islip, New York

11